UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
          Plaintiff,

          v.                                    CIVIL ACTION NO. 12-11838-NMG
ATTORNEY KEVIN J. McCROSKEY,
          Defendant.

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On October 2, 2012, Plaintiff Norticia Jeanette Coates ("Coates"), then a resident at the

Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, and

currently residing in Randolph, Massachusetts, filed a skeletal self-prepared Complaint against

Attorney Kevin J. McCroskey, of Muskegon, Michigan.  Apart from identifying the parties to the

action, Coates's complaint is unintelligible.  It includes only one paragraph for relief, stating:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C. 1332.
> Reasons Non-Payment 6 month Default on Federal Court Demand Filed Date
> 03/23/2012 Defendant Caused Detrimental Harm Causing Plaintiff to Be
> Homeless.

Compl. (Docket No. 1 at 1, ¶ 4).  The civil cover sheet attached to the Complaint states the cause

of action is based, *inter alia*, on civil rights, recovery of defaulted student loans, and non-

payment of a criminal and civil demand.  She seeks $55,000,000.00.

This action is a refiling of a case Coates filed on March 20, 2012 in the District of

Arizona (Phoenix Division).  See Coates v. McCroskey, Civil Action No. 2:12-cv-00595-NVW.[1]

On March 22, 2012, District Judge Neil V. Wake issued an Order in that action (Docket No. 4)

finding that the complaint was unintelligible and failed to state plausible claims in accordance

---

[1]The instant Complaint indicates the docket number from the District of Arizona in the caption.
This action is one of seven civil actions filed by Coates on October 2, 2012.

with Rule 8 of the Federal Rules of Civil Procedure.  It also failed to set forth a basis for the Court's subject matter jurisdiction.

Thereafter, on April 11, 2012, Coates filed an Amended Complaint in that action.  On April 23, 2012, an Order (Docket No. 7) issued dismissing the civil action, noting that the amended complaint also was incomprehensible.  The Order indicated that the amended complaint claimed that Attorney McCroskey had "'stolen attorney fees' by falsely claiming to the Social Security Administration that he represented Plaintiff in her Social Security Case."  Id. at 1.  Liberally construing the Amended Complaint, Judge Wake noted that Coates appeared to be alleging a claim for theft, fraud, attorney malpractice, or breach of contract.  He found that Coates still failed to allege any basis for federal subject matter jurisdiction since there was no federal question presented, and no diversity jurisdiction existed in light of the claimed amount in controversy as $46,100.00  Id.

After the dismissal, Coates filed two Motions for Reconsideration, both of which were denied.  She also filed a Motion for Transfer, which was denied.

On the heels of the denial of the Motion for Transfer, Coates filed the instant Complaint, along with a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a document entitled "Motion Subpoena Felony Complaint" (Docket No. 3).  In that motion, she requests that a warrant issue against Attorney McCroskey for "non-payment on federal court demand that concludes final action and legal provisions ordered by the federal court district ARIZONA. Assigned state federal judge Honorable JAMES A. TEILBORG."  Motion (Docket No. 3 at 1-2). Additionally, Coates alleges that the defendant is in "felony negligence tort-criminal and civil violation reasons ignoring a federal court order failing to meet complaint within a specified time period."  Id.

2

In addition to the Motion Subpoena Felony Complaint, Coates filed a proposed Notice of Default (Docket No. 4), including a proposed Default Judgment (Docket No. 4 at 5) in the amount of $55,000,000.00 with a 97% prejudgment interest rate from March 20, 2012 to September 28, 2012.

Notably, apart from a name change of the Defendant, the texts of the Complaint and the Motion Subpoena Felony Complaint are substantially identical to civil actions filed by both Coates and her husband, David Lionel Fowler ("Fowler") in this Court. See Coates v. Erickson, Civil Action No. 12-11839-DPW; Coates v. Curran, Civil Action No. 12-11837-RWZ; Coates v. Social Security Administration, Civil Action No. 12-11836-DPW; Coates v. Michigan Department of Human Services, Civil Action No. 12-11834-DPW; Coates v. Social Security Administration, Civil Action No. 12-11832-GAO; Coates v. JP Morgan Chase Bank, NA, Civil Action No. 12-11831-RGS; Fowler v. Berrien County Probate Court, Civil Action No. 12-11828-RWZ; and Fowler v. Social Security Administration, Civil Action No. 12-11826-RGS.

On December 6, 2012, Coates filed a Motion for an Order for a Warrant to Seize Property Subject to Forfeiture, along with a proposed arrest warrant and other exhibits. See Docket No. 8. This motion is substantially similar to a motion filed in Coates v. Social Security Administration, Civil Action No. 12-11832-GAO. That motion was denied by Judge O'Toole by Electronic Order (Docket No. 15) entered on November 27, 2012 as unfounded.

Also on December 6, 2012, Coates filed a Request for Authorization for Transcript (Docket No. 9) (using Form CJA 24). It is unclear what transcript she seeks; however, she indicates that payment for the transcript is to be made by the Social Security Administration in Brockton, Massachusetts. Since there are no transcripts for this action, it is presumed she seeks administrative hearing transcripts.

3

Also on December 6, 2012, Coates filed a "Motion Monetary Relief Section 28 U.S.C. 1915" (Docket No. 10) in which she requests that the State of Arizona refrain from tampering with the federal court.  She also seeks to remove the sovereign immunity of the Social Security Administration.

On January 3, 2013, this action was reassigned from Judge Wolf to the undersigned.

## DISCUSSION

### I.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Coates's financial disclosures indicating that she has no substantial assets or income, this Court finds that she lacks funds to pay the filing fee for this civil action. Accordingly, Coates's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be ALLOWED.

### II.    Preliminary Screening of the Complaint

Because Coates is proceeding *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[2]  Further, in addition to the statutory screening requirements under § 1915, the court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[3]  In connection with this preliminary screening, Coates's *pro se* pleadings are

---

[2]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[3]See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, this action will be DISMISSED for the reasons set forth below.

III.   Lack of Jurisdiction

Coates fails to demonstrate a *bona fide* basis for the assertion of the subject matter jurisdiction of this court.  Although she asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332, she fails to state any credible basis for her assertion that the amount in controversy is $55,000,000.00.  Indeed, because Coates is attempting to reassert her claims previously asserted in the District of Arizona, her prior statement of the amount in controversy (*i.e.*, $46,100.00) completely undermines the good faith assertion of her current damage claim, which is far in excess of her initial claim in March, 2012.

In light of this fact, this court cannot find that the amount in controversy exceeds $75,000.00.[4]

IV.   Failure to Comply With Fed. R. Civ. P. 8

Even if this Court had diversity jurisdiction over this action, there is still a fundamental

---

[4]As an additional matter, while this Court need not address the matter in any detail, it is noted that there is an almost certain probability that venue is improper and that there is no personal jurisdiction over Attorney McCroskey, a Michigan resident.  There are no factual allegations in the complaint from which it could be inferred that Attorney McCroskey purposefully availed himself of the privilege of conducting business in Massachusetts, nor does it appear that the controversy arises out of or relates to Attorney McCroskey's activities in Massachusetts.  Further, it would not be foreseeable to Attorney McCroskey that he would be haled into a court in Massachusetts based on his representation of Coates outside of Massachusetts.  Thus, it is likely that the exercise of personal jurisdiction over Attorney McCroskey would not comport with the Due Process Clause of the Fourteenth Amendment in light of the insufficient minimum contacts with Massachusetts.

legal impediment warranting dismissal of this case, namely, Coates's Complaint fails to set forth

any plausible claim against Attorney McCroskey upon which relief may be granted.  Rule 8(a) of

the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests,'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode

Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful

opportunity to mount a defense,'"  Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir.

2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See

also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).

"In a civil rights action as in any other action ...., the complaint should at least set forth minimal

facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en

Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule

8(a)(2) are minimal...[,] 'minimal requirements are not tantamount to nonexistent

requirements.'"  Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Coates's sparse Complaint is incoherent.  It lacks the "who, what, where, when,

and why" information necessary to state a claim upon which relief may be granted.  Further, it

fails to provide sufficient notice to the Defendant of the basis for asserted liability, and therefore

it would be unfair to the Defendant to have to respond to the Complaint.

Generally, this Court would permit a *pro se* litigant an opportunity to cure the Rule 8

pleading defects; however, in these circumstances, given Coates's prior litigation in the District

of Arizona, this Court considers that affording such further opportunity would be an exercise in

futility and a waste of the judicial resources of the Court.  Coates already has had three prior

opportunities (two in the District of Arizona and one in this Court (via the instant Complaint)) to

set forth plausible claims against Attorney McCroskey, and she has failed to do so each time.

V.      The Motion Subpoena Felony Complaint

       To the extent that Coates seeks criminal proceedings to be instituted against Attorney

McCroskey, this Court finds the request to be unfounded.  A private citizen, such as Coates,

lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.

See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v.

Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).[5]

       Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 2) will be

DENIED in all respects.

VI.     The Motion for an Order for a Warrant to Seize Property Subject to Forfeiture

       Coates seeks to have Attorney McCroskey appear in court to respond to her demands,

and to seize his stocks, bonds, houses, cars, boats, and state bar license.  She also seeks to have

the defendant arrested for the actions alleged in the Complaint.

       For the reasons set forth in this Memorandum and Order, Coates's Motion for an Order

for a Warrant to Seize Property Subject to Forfeiture (Docket No. 8) is wholly unfounded and

---

[5]Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by
law, each United States attorney, within his district, shall – (1) prosecute for all offenses against
the United States."  28 U.S.C. § 547 (1).  Thus, Coates does not have standing to bring a criminal
action in federal court because no statute authorizes her to do so.  Kennan v. McGrath, 328 F.2d
610, 611 (1st  Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)
(per curiam)(stating that only the United States as prosecutor can bring a complaint under 18
U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that
individual citizens have no private right of action to institute federal criminal prosecutions); 28
U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of
the Department of Justice, under the direction of the Attorney General).

will be <u>DENIED</u>.

VII.   <u>The Request for Authorization for Transcript</u>

Similarly, for the reasons set forth herein, Coates's Request for Authorization for Transcript (Docket No. 9) is unfounded, and will be <u>DENIED</u>.

VIII.   <u>The Motion for Monetary Relief</u>

This court will <u>DENY</u> Coates's "Motion Monetary Relief Section 28 U.S.C. 1915" (Docket No. 10). Her requests for relief from sovereign immunity and her request to enjoin the State of Arizona (both directed at non-parties to this action) are wholly unfounded.

IX.   <u>Certification That Any Appeal Would Not Be Taken in Good Faith</u>

In light of the clear legal impediments to Plaintiff's claims noted above, this Court will <u>CERTIFY</u>, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that any appeal of this Memorandum and Order for dismissal would not be taken in good faith. Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." <u>Id.</u>  Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. <u>Id.</u>  "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis</u> v. <u>United States</u>, 356 U.S. 674, 674 (1958) (*per curiam*); <u>see</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten</u> v. <u>District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." <u>Neitzke</u> 490 U.S. at 325. For the reasons stated herein, this court finds that any appeal of the dismissal of this action would be one that plainly does not deserve additional judicial attention.

Should Plaintiff seek leave to proceed *in forma pauperis* on appeal, she must direct her

motion directly to the United States Court of Appeals for the First Circuit.  A copy of this

Memorandum and Order shall be transmitted to the First Circuit Clerk's Office.

CONCLUSION

Based on the above, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2.  Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is DENIED;

3.  Plaintiff's Motion for an Order for a Warrant to Seize Property Subject to Forfeiture
    (Docket No. 8) is DENIED;

4.  Plaintiff's Request for Authorization of Transcript (Docket No. 9) is DENIED;

5.  Plaintiff's "Motion Monetary Relief Section 28 U.S.C. 1915" (Docket No. 10) is
    DENIED;

6.  This action is DISMISSED in its entirety; and

7.  This Court CERTIFIES that any appeal of the dismissal of this action would not be taken
    in good faith.


SO ORDERED.


                                        /s/ Nathaniel M. Gorton
                                        NATHANIEL M. GORTON
                                        UNITED STATES DISTRICT JUDGE

DATED:  January 15, 2013