UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
        Plaintiff,

v.                         CIVIL ACTION NO. 12-11838-NMG

ATTORNEY KEVIN J. McCROSKEY,
        Defendant.

<u>MEMORANDUM AND ORDER</u>

GORTON, D.J.

On October 2, 2012, Plaintiff Norticia Jeanette Coates filed a skeletal self-prepared

Complaint against Attorney Kevin J. McCroskey, of Muskegon, Michigan.  The Complaint was

unintelligible, but appeared to be a refiling of a case previously filed on March 20, 2012 in the

District of Arizona (Phoenix Division).  <u>See</u> <u>Coates</u> v. <u>McCroskey</u>, Civil Action No. 2:12-cv-

00595-NVW.  In the Arizona action, Plaintiff claimed that Attorney McCroskey had "'stolen

attorney fees' by falsely claiming to the Social Security Administration that he represented

Plaintiff in her Social Security Case." <u>Id.</u> at 1.  The case was dismissed for the failure to allege

any basis for federal subject matter jurisdiction since there was no federal question presented,

and no diversity jurisdiction existed in light of the claimed amount in controversy as $46,100.00

<u>Id.</u>

On January 15, 2013, this Court issued a Memorandum and Order (Docket No. 12)

dismissing this case, finding that Plaintiff had failed to demonstrate a *bona fide* basis for subject

matter jurisdiction under 28 U.S.C. § 1332 with respect to the amount in controversy, and that,

even if the amount in controversy exceeded $75,000.00, Plaintiff failed to set forth plausible

claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.

Thereafter, on January 25, 2013, Plaintiff filed a "Motion Discovery Proceedings

Emergency [sic] Appeal" (Docket No. 14), along with attachments in support.

<u>DISCUSSION</u>

Plaintiff's motion is construed as a Motion for Reconsideration of the dismissal of this action. The motion is not entirely coherent, and fails to set forth sufficient grounds to reopen this action. Although Plaintiff alleges her monetary damages amount to $110,000.00 in back pay from the Social Security Administration, and $46,000.00 in "false attorney fees," this Court still cannot find that she has set forth a *bona fide* claim that the amount in controversy exceeds $75,000.00. Indeed, based on the attachments to her motion (Docket No. 14-1) it appears that this dispute arises as a result of erroneous payments by the Michigan Social Security Office to Defendant Attorney McCroskey, for attorney's fees for representing Plaintiff in her claim for benefits, when, in fact, he had withdrawn from representing Plaintiff. The attachment also indicates that all erroneous funds paid to Attorney McCroskey were returned, and the error ultimately was fixed by the Social Security Office.[1] This error by the Michigan Social Security Office resulted in an overpayment to Plaintiff in an amount of $2,992.37 after consideration of the overpayment when offset by an underpayment to her.

In light of this new information, this Court remains of the view that the amount in controversy does not exceed $75,000.00. To the extent that Plaintiff's claims dispute the amount of Social Security benefits she received (as appears in her unsupported request for

---

[1]It appears that the fact that Attorney McCroskey had withdrawn was inadvertently overlooked by the Michigan Social Security Office. That office erroneously paid SSI attorney fees to Attorney McCroskey of $1,136.00; however, Attorney McCroskey returned those fees. Because he remained in the SSI record, however, the system reissued the attorney's fees automatically and Attorney McCroskey was paid two more times. Each time, he returned those funds. Thereafter, he was removed from the Social Security computer system.

$110,000.00 in back benefits), she may not seek redress for that loss from Attorney McCroskey.[1] This leaves her claim against him for false attorney fees as $46,000.00 -- notably, this is the amount in controversy initially claimed in the Arizona litigation.

Finally, even if diversity jurisdiction existed, Plaintiff's allegations against Attorney McCroskey are not set forth clearly.  Again, she simply makes legal conclusions of his wrongdoing without any underlying factual allegations in support.  At this juncture, and in light of the fact that Plaintiff has had three prior opportunities to state plausible claims (and now, this motion has given her a fourth opportunity), this Court finds no good cause has been shown to reopen this action.

Accordingly, for these reasons and for all of the reasons set forth in the prior Memorandum and Order (Docket No. 12), Plaintiff's Motion for Reconsideration (Docket No. 14) is <u>DENIED</u> with prejudice.  Plaintiff is <u>PROHIBITED</u> from filing any further requests for relief from the District Court in this action.

Failure to comply with this directive may result in the imposition of sanctions, including monetary sanctions and/or an Order enjoining her from filing further pleadings or lawsuits absent prior Court permission upon good cause shown.

<u>CONCLUSION</u>

Based on the above, it is hereby Ordered that:

1.      Plaintiff's  "Motion Discovery Proceedings Emergency [sic] Appeal" (Docket No. 14), construed as a Motion for Reconsideration of the dismissal of this action is <u>DENIED</u> with prejudice; and

---

[1] <u>See</u> <u>Deuschel</u> v. <u>Barnhart</u>, 2004 WL 5542429, at *6 (E.D. Cal. 2004) ("[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ....").

3

2.      Plaintiff is <u>PROHIBITED</u> from filing any further requests for relief from the District
        Court in this action.[2]


SO ORDERED.

                                        /s/ Nathaniel M. Gorton
                                        NATHANIEL M. GORTON
                                        UNITED STATES DISTRICT JUDGE

DATED:  January 30, 2013

---

[2]This Court previously certified that any appeal of the dismissal of this action would not be taken
in good faith.  See Memorandum and Order (Docket No. 12).  Should Plaintiff seek leave to
appeal *in forma pauperis*, she must obtain permission directly from the United States Court of
Appeals for the First Circuit.